Sanford Narrow Fabric Company, Appellant, *v.* American Webbing Manufacturers Export Corporation, Respondent.

First Department, April 7, 1922.

**Sales — action for purchase price — pleadings — defense that date of payment was deferred being insufficient in law may be stricken out under Rules of Civil Practice, rule 109.**

In an action to recover the purchase price of goods a defense of new matter to the effect that the date of payment for the goods had been deferred, and that the payment was not due when the action was brought, which did not sufficiently allege that the plaintiff had agreed that the payment for the merchandise in question might be deferred, being insufficient in law, may be stricken out on motion under rule 109 of the Rules of Civil Practice.

Appeal by the plaintiff, Sanford Narrow Fabric Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of January, 1922, denying plaintiff's motion to strike out paragraphs 3 and 4 of the defendant's answer.

*Kellogg, Emery, Innes-Brown & Cuthell* [*John R. Donnelly* of counsel], for the appellant.

*McKercher & Link* [*George Link, Jr.*, of counsel], for the respondent.

Laughlin, J.:

The action is by a seller against a buyer to recover for the purchase price of goods sold and delivered. It is alleged and admitted that both parties are domestic corporations. The answer joins issue on some of the material allegations of the complaint and in paragraphs 3 and 4 thereof, for a separate defense, alleges that defendant was incorporated for the purpose of doing business in accordance with the terms of what is known as the Webb-Pomerene Law * and that plaintiff and other manufacturers of webbing products constitute all of its stockholders; that owing to the general depression in the export trade in 1920, its capital was seriously impaired and " the stockholders thereof, in order that " it might

---

* See Webb-Pomerene Export Act, 40 U. S. Stat. at Large, 516, chap. 50.— [Rep.

continue business, subsequently to the sale of the merchandise mentioned in the complaint, agreed to advance to it " material required to fulfill its contracts and any subsequent contracts that it might enter into " and to postpone payment of all moneys due and owing to the stockholders prior to the making of such agreement until after all material, subsequently delivered, in order to enable it to continue its operations, was paid for; " and that thereafter the various stockholders of the defendant " delivered to it merchandise which has not been paid for, and it is not financially able to pay therefor at the present time, and that there is no money due to the plaintiff for the merchandise on account of the sale specified in the complaint. These two paragraphs constitute all the facts pleaded as a separate defense; but it is a defense of new matter and by virtue of the provisions of rule 109 of the Rules of Civil Practice, a motion to strike out a defense of new matter on the ground that it is insufficient in law is authorized. Defendant neither alleges that all of the stockholders nor that the plaintiff agreed that payment for the merchandise, to recover for which the action is brought, might be deferred until the defendant paid for the other material referred to in the defense; and, therefore, upon no theory are the facts alleged in the defense sufficient to bar a present recovery by the plaintiff.

It follows that the order should be reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, but with leave to defendant to serve an amended answer within ten days upon payment of said costs.

DOWLING, PAGE, MERRELL and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to defendant to serve amended answer upon payment of said costs.